1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CAREY SMITH,<br>P-13926,<br><br>                                    Plaintiff,<br><br>                    vs.<br><br>DR. JOHN CHAU; DR. G. CASIAN;<br>D. MORTON,<br><br>                                    Defendants. | Civil No.    13-1337 GPC (WMc)<br><br>**ORDER DENYING MOTION TO PROCEED _IN FORMA PAUPERIS_ AND DISMISSING CASE WITHOUT PREJUDICE PURSUANT TO 28 U.S.C. § 1915(a)**<br><br>**[ECF No. 7]** |

Plaintiff, a state inmate currently incarcerated at the Richard J. Donovan Correctional Facility ("RJD"), and proceeding pro se, has filed a civil rights complaint pursuant to 42 U.S.C. § 1983.  Plaintiff has not prepaid the $350 filing fee mandated by 28 U.S.C. § 1914(a); instead, he has filed a Motion to Proceed _In Forma Pauperis_ ("IFP") pursuant to 28 U.S.C. § 1915(a) [ECF No. 7].

## I.    MOTION TO PROCEED IFP

All parties instituting any civil action, suit or proceeding in a district court of the United States, except an application for writ of habeas corpus, must pay a filing fee of $400. _See_ 28 U.S.C. § 1914(a).  An action may proceed despite a party's failure to pay only if the party is

granted leave to proceed in forma pauperis ("IFP") pursuant to 28 U.S.C. § 1915(a). *See Andrews v. Cervantes*, 493 F.3d 1047, 1051 (9th Cir. 2007); *Rodriguez v. Cook*, 169 F.3d 1176, 1177 (9th Cir. 1999). "Under the PLRA [Prison Litigation Reform Act], all prisoners who file IFP civil actions must pay the full amount of the filing fee," regardless of whether the action is ultimately dismissed for any reason. *See Taylor v. Delatoore*, 281 F.3d 844, 847 (9th Cir. 2002) (citing 28 U.S.C. § 1915(b)(1) & (2)).

In order to comply with the PLRA, prisoners seeking leave to proceed IFP must also submit a "certified copy of the trust fund account statement (or institutional equivalent) for the prisoner for the 6-month period immediately preceding the filing of the complaint...." 28 U.S.C. § 1915(a)(2). From the certified trust account statement, the Court assesses an initial payment of 20% of (a) the average monthly deposits in the account for the past six months, or (b) the average monthly balance in the account for the past six months, whichever is greater, unless the prisoner has no assets. *See* 28 U.S.C. § 1915(b)(1), (4); *see Taylor*, 281 F.3d at 850. Thereafter, the institution having custody of the prisoner must collect subsequent payments, assessed at 20% of the preceding month's income, in any month in which the prisoner's account exceeds $10, and forward those payments to the Court until the entire filing fee is paid. *See* 28 U.S.C. § 1915(b)(2).

While Plaintiff has filed a Motion to Proceed IFP pursuant to 28 U.S.C. § 1915(a), he has not attached a certified copy of his prison trust account statement for the 6-month period immediately preceding the filing of his Complaint. *See* 28 U.S.C. § 1915(a)(2); S.D. CAL. CIVLR 3.2. Section 1915(a)(2) clearly mandates that prisoners "seeking to bring a civil action ...without prepayment of fees ... *shall* submit a certified copy of the trust fund account statement (or institutional equivalent) ... for the 6-month period immediately preceding the filing of the complaint." 28 U.S.C. § 1915(a)(2) (emphasis added).

Without Plaintiff's trust account statement, the Court is simply unable to assess the appropriate amount of the filing fee which is statutorily required to initiate the prosecution of this action. *See* 28 U.S.C. § 1915(b)(1).

/ / /

1    **II.    CONCLUSION AND ORDER**

2         For the reasons set forth above, **IT IS ORDERED** that:

3         (1)    Plaintiff's Motion to Proceed IFP [ECF No. 7] is DENIED and the action is

4    DISMISSED without prejudice for failure to prepay the $400 filing fee mandated by 28 U.S.C.

5    § 1914(a).

6         (2)    Plaintiff is GRANTED an additional forty-five (45) days from the date of this

7    Order to either: (a) prepay the entire $350 civil filing fee and $50 administrative fee in full; ***or***

8    (b) complete and file a Motion to Proceed IFP *which includes a certified copy of his trust*

9    *account statement for the 6-month period preceding the filing of his Complaint.  See* 28 U.S.C.

10   § 1915(a)(2); S.D. CAL. CIVLR 3.2(b).  If Plaintiff chooses to file a Motion to Proceed IFP which

11   the Court later grants, the $50 administrative fee will be waived.

12        **IT IS FURTHER ORDERED** that the Clerk of the Court shall provide Plaintiff with a

13   Court-approved form "Motion and Declaration in Support of Motion to Proceed IFP" in this

14   matter.  If Plaintiff neither pays the $400 filing fee in full nor sufficiently completes and files

15   the attached Motion to Proceed IFP, *together with a certified copy of his trust account statement*

16   *within 45 days*, this action shall remained closed without further Order of the Court.

17        IT IS SO ORDERED.

18

19   DATED:  June 18, 2013

20

21                                                   HON. GONZALO P. CURIEL
                                                     United States District Judge

22

23

24

25

26

27

28