1

2

3

4

5

6

7

8           **UNITED STATES DISTRICT COURT**

9           **SOUTHERN DISTRICT OF CALIFORNIA**

10

11  CAREY K. SMITH,                          Civil No.    13cv1337 GPC (WMc)
    CDCR #P-13926,
12                                           **ORDER:**
                              Plaintiff,
13                                           **(1)  DISMISSING CIVIL ACTION**
                                             **WITHOUT PREJUDICE FOR**
14                                           **FAILURE TO EXHAUST**
                                             **ADMINISTRATIVE REMEDIES**
15              vs.                          **PRIOR TO SUIT PURSUANT**
                                             **TO 42 U.S.C. § 1997e(a)**
16

17                                           **AND**

    Dr. JOHN CHAU; Dr. G. CASLAN;           **(2)  DENYING PLAINTIFF'S**
18  and D. MORTON, LVN,                      **MOTIONS TO PROCEED *IN***
                                             ***FORMA PAUPERIS* AND FOR**
19                                           **APPOINTMENT OF**
                                             **COUNSEL AS MOOT**
20                            Defendants.
                                             **[ECF Doc. Nos. 6, 7, 13]**
21

22

23          Plaintiff, a transgender inmate currently incarcerated at Richard J. Donovan Correctional

24  Facility ("RJD") in San Diego, California, initiated this civil action by filing a letter addressed

25  to the Honorable Thelton E. Henderson in the Northern District of California on April 1, 2013

26  (ECF Doc. No. 1).  Because Plaintiff's letter alleged RJD medical personnel were denying him

27  medication based on homophobia, and indicated a desire to pursue legal action, Plaintiff was

28  granted twenty-eight days leave in which to submit a complaint pursuant to 42 U.S.C. § 1983,

1   as well as a Motion to Proceed *In Forma Pauperis* ("IFP").  *See* ECF Doc. Nos. 1-3.  On April

2   29, 2013, Plaintiff filed his Complaint (ECF Doc. No. 5), as well as a Motion to Proceed IFP

3   (ECF Doc. No. 7), and a Motion for Appointment of Counsel (ECF Doc. No. 6).  On June 6,

4   2013, however, the case was transferred for lack of proper venue from the Northern to the

5   Southern District of California pursuant to 28 U.S.C. §§ 84(d), 1391(b) and 1406(a).  *See* Order

6   of Transfer (ECF Doc. No. 9) at 1.

7       After transfer, this Court denied Plaintiff's Motion to Proceed IFP because he failed to

8   comply with 28 U.S.C. § 1915(b) (ECF Doc. No. 12).  However, Plaintiff was granted forty-five

9   days leave in which to either pay the full civil filing fee required by 28 U.S.C. § 1914(a), or

10  submit a certified copy of his prison trust account statement in support of his Motion for IFP.

11  (*Id.* at 3.)  Plaintiff has since filed the trust account statements required by 28 U.S.C. § 1915(b)

12  (ECF Doc. No. 13); therefore, the Court must now decide whether Plaintiff is entitled to proceed

13  IFP, or to the appointment of counsel pursuant to 28 U.S.C. § 1915(e)(1), and whether his

14  Complaint survives the initial screening required by 28 U.S.C. § 1915A(b).

15  **I.    SCREENING AND DISCUSSION**

16      Pursuant to 28 U.S.C. § 1915A, enacted as part of the Prison Litigation Reform Act

17  ("PLRA"), "the court shall review, ... as soon as practicable after docketing, a complaint in a

18  civil action in which a prisoner seeks redress from a governmental entity or officer or employee

19  of a governmental entity."  28 U.S.C. § 1915A(a); *Hamilton v. Brown*, 630 F.3d 889, 892 n.3

20  (9th Cir. 2011).  "On review, the court shall identify cognizable claims or dismiss the complaint,

21  or any portion of the complaint, if the complaint (1) is frivolous, malicious, or fails to state a

22  claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is

23  immune from such relief."  28 U.S.C. § 1915A(b).  "Among other reforms, the PLRA mandates

24  early judicial screening ... and requires prisoners to exhaust prison grievance procedures before

25  filing suit."  *Jones v. Bock*, 549 U.S. 199, 202 (2007).

26      Because Plaintiff is a prisoner, as defined by 28 U.S.C. § 1915(c), the Court has

27  reviewed his Complaint pursuant to § 1915A(a), as well as all exhibits attached thereto, and

28  finds it clear Plaintiff's case must be dismissed because he has conceded his failure to exhaust

1   all available administrative remedies *prior* to commencing this action.  *See Wyatt,* 315 F.3d at

2   1120 (noting that "[a] prisoner's concession to non-exhaustion is a valid ground for dismissal.")

3        The PLRA amended 42 U.S.C. § 1997e to provide that "[n]o action shall be brought with

4   respect to prison conditions under section 1983 of this title, or any other Federal law, by a

5   prisoner confined in any jail, prison, or other correctional facility until such administrative

6   remedies as are available are exhausted." 42 U.S.C. § 1997e(a).  The requirement is mandatory

7   and unequivocal.  *Booth v. Churner*, 532 U.S. 731, 741 (2001); *McKinney v. Carey*, 311 F.3d

8   1198, 1200 (9th Cir. 2002) ("Congress could have written a statute making exhaustion a

9   precondition to judgment, but it did not.  The actual statute makes exhaustion a precondition to

10  suit." ).

11       A prisoner who seeks to challenge the conditions of his confinement brings an action for

12  purposes of 42 U.S.C. § 1997e "when the complaint is tendered to the district clerk."  *Vaden v.*

13  *Summerhill*, 449 F.3d 1047, 1050 (9th Cir. 2006).  Therefore, a prisoner must exhaust available

14  administrative remedies *before* filing any papers in federal court and is not entitled to a stay of

15  judicial proceedings in order to exhaust.[1]  *Id.* at 1051; *McKinney*, 311 F.3d 1198 (rejection

16  prisoner's claim that the court should have entered a stay which would have provided an

17  opportunity for exhaustion, and concluding that "[e]xhaustion subsequent to the filing of suit

18  will not suffice.").  *See also Rhodes v. Robinson*, 621 F.3d 1002, 1006-07 (9th Cir. 2010)

19  (clarifying that the rule of *Vaden* and *McKinney* does not apply to new claims raised in a

20  *supplemental* pleading, permitted by the Court pursuant to FED.R.CIV.P. 15(d), which permits

21  the party to allege new claims arising after the date the initial pleadings were filed).

22       The State of California provides its prisoners and parolees the right to appeal

23  administratively "any policy, decision, action, condition, or omission by the department or its

24  staff that the inmate or parolee can demonstrate as having a material adverse effect upon his or

25

26       [1] Prior to amendment by the PLRA, 42 U.S.C. § 1997e authorized district courts to stay a state
    prisoner's § 1983 action "for a period of not to exceed 180 days" while he exhausted available "plain,
27  speedy, and effective administrative remedies."  § 1997e(a)(1).  *See Porter v. Nussle*, 534 U.S. 516,
    522-23 (2002).  "Exhaustion . . . was in large part discretionary; it could be ordered only if the State's
    prison grievance system met specified federal standards, and even then, only if, in the particular case,
28  the court believed the requirement "appropriate and in the interests of justice."  *Id.* at 523 (citing 42
    U.S.C. §§ 1997e(a) and (b)).

1    her health, safety, or welfare."  CAL. CODE REGS. tit. 15, § 3084.1(a).  In order to exhaust

2    available administrative remedies within this system prior to January 28, 2011, a prisoner had

3    to proceed through four levels of appeal:  (1) informal resolution, which required a prisoner to

4    submit a CDC 602 inmate appeal form (captioned "Inmate/Parolee Appeal Form"); (2) first level

5    formal written appeal; (3) second level written appeal to the institution head or designee; and (4)

6    third level written appeal to the Director of the California Department of Corrections and

7    Rehabilitation ("CDCR").  *See Woodford v. Ngo*, 548 U.S. 81, 85–86 (2006); *see also* CAL.

8    CODE REGS. tit. 15, §§ 3084.1–3084.9.[2] A final decision from the Director's level of review

9    satisfies the exhaustion requirement under 42 U.S.C. § 1997e(a).  *See Lira v. Herrera*, 427 F.3d

10   1164, 1166–67 (9th Cir. 2005); *see also* CAL. CODE REGS. tit. 15, § 3084.7(d)(3) (as amended

11   Dec. 13, 2010).

12           In his Complaint, Plaintiff claims to have *filed* a Patient/Inmate Health Care Appeal Form

13   CDCR 602, which was assigned two separate tracking/log numbers:  RJD SC 13000859 and

14   RJD HC 12047481, but he admits they were still "pending review" at the time he signed his

15   Complaint on April 10, 2013.  *See* Compl. (ECF Doc. No. 5) at 1-2, 4.  Plaintiff further attaches

16   a copy of his CDCR 602 appeal, dated April 1, 2013, as an exhibit to his pleading, (*id.* at 7-10),

17   as well as two letters from the CDCR's Health Care Services Department, both dated April 4,

18   2013, notifying him that his grievances had been classified under two Tracking/Log Numbers:

19   RJD SC 130000859 to address his allegations of staff misconduct, (*id.* at 5) and RJD HC

20   12047481, which was assigned to the Health Care Appeals Office for a response.  (*Id*. at 6.)

21   These two letters further indicate that "second level" responses were not due until April 26, 2013

22   for HC 12047481, and May 1, 2013 for SC 13000859.  (*Id.* at 5, 6.)  However, as noted above,

23   the CDCR's administrative grievance regulations provide that "all appeals are subject to a third

24   level of review, as described  in section 3084.7, before administrative remedies are deemed

25   exhausted."  *See* CAL. CODE REGS., tit. 15, § 3084.1(b) (as amended Dec. 13, 2010).

26   / / /

27

28

───────────────────

        [2]  Effective January 28, 2011, the informal resolution level was eliminated.  *See* CAL. CODE
REGS. tit. 15, § 3084.7 (as amended Dec. 13, 2010).

1   Thus, based on Plaintiff's concession that his administrative grievances remained

2   "pending" within the CDCR at the time he filed his Complaint, as further corroborated by his

3   own exhibits, the Court finds it is apparent Plaintiff did not exhaust all administrative remedies

4   as were available to him pursuant to 42 U.S.C. § 1997e(a) *prior* to initiating this action.  *See*

5   *Vaden*, 499 F.3d at 1051; *Wyatt,* 315 F.3d at 1120.  The "exhaustion requirement does not allow

6   a prisoner to file a complaint addressing non-exhausted claims, even if the prisoner exhausts his

7   administrative remedies while his case is pending." *Rhodes*, 621 F.3d at 1004 (citing *McKinney*,

8   311 F.3d at 1199).

9   Accordingly, the Court finds this case must be dismissed without prejudice to Plaintiff

10  re-filing a new and separate civil action *after* he has fully complied with 42 U.S.C.§ 1997e(a)'s

11  exhaustion requirement.  *See Wyatt*, 315 F.3d at 1120 (a dismissal for failure to exhaust

12  administrative remedies is without prejudice).

13  **II.     CONCLUSION AND ORDER**

14  Good cause appearing, IT IS HEREBY ORDERED that:

15  1.      Plaintiff's action is DISMISSED without prejudice based on his conceded failure

16  to exhaust administrative remedies prior to suit pursuant to 42 U.S.C. § 1997e(a);

17  2.      Plaintiff's Motions to Proceed IFP and for Appointment of Counsel (ECF Doc.

18  Nos. 6, 7, 13) are DENIED as moot; and

19  3.      The Clerk of Court shall enter a final dismissal of this action without prejudice and

20  close the case.

21  DATED:  October 17, 2013

22

23  HON. GONZALO P. CURIEL
24  United States District Judge

25

26

27

28